```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              :
EAW Group, Inc.,              :
                              :
     Plaintiff,               :
                              :
     v.                       :   Civil Action No. 02-2425
                              :
The Republic of the Gambia,   :
                              :
     Defendant,               :
                              :
     v.                       :
                              :
John E. Aycoth,               :
                              :
     Counter Defendant        :
_____:
```

## MEMORANDUM OPINION

Plaintiff, EAW Group, Inc. ("EAW"), filed a breach of contract action against Defendant, the Republic of the Gambia ("the Gambia"), an independent sovereign West African state. EAW's claims arose from the Gambia's alleged failure to compensate EAW for services rendered under their contract and from the Gambia's allegedly improper attempt to terminate that contract.

The Gambia brought a counterclaim against EAW and its President, John E. Aycoth ("Aycoth"). The Gambia alleged that EAW and Aycoth fraudulently misrepresented facts about EAW's corporate status, fraudulently induced the Gambia to enter the contract, and breached the contract by failing to provide the agreed-upon services.

The Court held a four-day bench trial which commenced on

September 25, 2006 and concluded on September 28, 2006. For the reasons discussed in its November 20, 2006 Memorandum Opinion, the Court granted judgment in favor of EAW on its unjust enrichment claim in the amount of $41,666.67, plus interest accruing from September 30, 2002. The Court denied EAW's breach of contract claim because the corporation was without power to contract at the time it entered into the agreement at issue. The Court, therefore, granted judgment in favor of the Gambia on all other claims by EAW, and granted judgment in favor of EAW and Aycoth on all claims asserted by the Gambia.

This matter is now before the Court on a Motion to Amend the Judgment [#116] by Plaintiff EAW and Counter-defendant Aycoth. Based upon the Motion, Opposition, Reply, and the entire record herein, for the reasons stated below, the Motion is **denied**.

I.   BACKGROUND[1]

EAW's corporate charter was revoked by proclamation on September 8, 1997 pursuant to Section 29-399.24(a) of the District of Columbia Code.[2] Subsequently, in 2000 and 2001 respectively, EAW entered into two written agreements to provide lobbying and other services for the Gambia.

---

[1]The Court will not here recount the full history of the dispute. A more comprehensive discussion is available in the Court's November 20, 2006 Memorandum Opinion.

[2]The provision was recodified in 2001 as D.C. Code § 29-101.123(a).

Under the 2001 agreement, EAW agreed to provide lobbying and other services for two years, and the Gambia agreed to pay $1 million as compensation.[3]  EAW performed as agreed for thirteen months, and received $500,000, before the Gambia terminated the arrangement on September 30, 2002.

EAW filed a breach of contract suit, pertaining to the second agreement, in December of 2002.  In June of 2004, the Gambia filed a Motion to Dismiss EAW's Complaint arguing, <u>inter</u> <u>alia</u>, that the agreement was void <u>ab</u> <u>initio</u> because the revocation of EAW's corporate charter in 1997 rendered the company without legal capacity to enter into the 2001 contract.  In a Memorandum Opinion and Order dated October 6, 2004, the Court denied the Gambia's Motion to Dismiss and ruled that the Gambia could only avoid EAW's claims if it could prove that EAW knew that the District of Columbia had revoked its charter.

After a bench trial, the Court made an explicit factual finding that EAW and Aycoth did not know the corporation's charter had been revoked prior to entering the 2001 agreement with the Gambia. Nevertheless, after reviewing the controlling statutes and cases anew, the Court concluded that the 1997 revocation invalidated the 2001 contract, notwithstanding EAW's lack of knowledge.  Thus, the Court limited EAW to an equitable recovery in the amount of $41,666.67 instead of the $500,000 in contractual

---

[3]The 2000 agreement was not the subject of any legal disputes.

damages it sought.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff has filed a Motion to Amend the Judgment arguing that the law-of-the-case doctrine requires the Court to adhere to its earlier decision and entitles EAW to recover the full $500,000.

## II. ANALYSIS

### A. Standard of Review

In the absence of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the Court has discretion when ruling on Rule 59(e) motions. Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006) (citations and quotations omitted).

### B. Law-of-the-Case Doctrine

The law-of-the-case doctrine states that when a court makes a ruling on a point of law, that decision should govern in subsequent stages of the same case. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). EAW contends that the Court is therefore bound by its October 2004 Memorandum Opinion and Order which stated that the Gambia would have to establish EAW's knowledge of the charter revocation in order to prevail: "[I]n order for the Court to justify a departure from the October 2004 Order, the prior ruling must have been clearly erroneous and its application must work a manifest injustice." EAW's Mot. to Amend

J. at 4 (emphasis added). Plaintiff's argument is unpersuasive.

Rule 54(b) of the Federal Rules of Civil Procedure explicitly states that interlocutory orders, such as the denial of a motion to dismiss, are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." See also Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine [sic] and may always be reconsidered prior to final judgment.").

To be sure, the underlying policies of the doctrine should be considered when a district court departs from a previous interlocutory decision, but the law-of-the-case doctrine does not constrain the Court's power to correct an erroneous prior decision:

> [T]he law-of-the-case doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power . . . . A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.

Christianson, 486 U.S. at 817 (citations and quotations omitted). In any case, the Court concluded that its earlier decision was clearly erroneous, and that it would be manifestly unjust to permit EAW to recover additional remuneration for eleven months of work which was never performed on an invalid (and illegal) contract.

EAW claims that it "would have been able to adjust its

litigation strategy and had an opportunity to discover and present the appropriate evidence" if the Court reconsidered its 2004 Order before the trial.  EAW's Mot. to Amend J. at 6.  The argument fails for three reasons:  First, EAW has not spelled out, with any specificity, how it might have adjusted its trial strategy or what materials it would have sought.  Second, EAW concedes that its contract claim "would have been dismissed in its entirety" if the Court had ruled differently in 2004.  Id.  Finally, EAW had every opportunity and incentive to discover and present evidence that its charter had not been revoked.  Indeed, despite the Court's 2004 Memorandum Opinion, EAW attempted to challenge the validity of the revocation by arguing that the proclamation had not been properly published as required by Section 29-399.24(b) of the District of Columbia Code.[4]

Accordingly, the Court concludes that EAW suffered no unfair prejudice or manifest injustice from its reassessment of the controlling law.  Moreover, it would be manifestly unjust for the Gambia to pay $458,333.33 for eleven months of work which was not

---

[4] The provision was recodified in 2001 as D.C. Code § 29-101.123(b).  As noted in the Court's November Memorandum Opinion, the Court rejected EAW's argument because revocation under D.C. Code § 29-399.24(a) is effective upon proclamation, not upon publication.  EAW is also incorrect in its assertion that reinstatement under D.C. Code § 29-101.127(d) restored the invalid contract.  See Accurate Constr. Co. v. Washington, 378 A.2d 681, 684 (D.C. 1977) (interpreting § 29-938d(d), which was recodified as § 29-101.127(d), and holding that the statute does not restore contracts invalidated by revocation proclamations).

performed by EAW.

### III. Conclusion

For the above stated reasons, EAW's Motion to Amend the Judgment [#116] is **denied**.


May 1, 2007                                  /s/                    
                                              Gladys Kessler
                                              U.S. District Judge


**Copies to:**  Attorneys of record via ECF.